UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

J3 ENGINEERING GROUP, LLC,
         Plaintiff,

    v.                                                                     Case No. 18-C-1240

MACK INDUSTRIES OF KALAMAZOO, LLC,
f/k/a STRESS-CON INDUSTRIES, INC.,

and

MACK INDUSTRIES, INC.,
         Defendants.

## DECISION

On August 13, 2018, Defendants ("Mack") filed a motion to transfer this case to the U.S. District Court for the Northern District of Ohio, citing 28 U.S.C. §§ 1404 and 1406 and Mack's status as the "true plaintiffs" in the dispute. On August 31, 2018, Plaintiff ("J3") filed a motion to remand, citing 28 U.S.C. §§ 1447, to the state circuit court in Ozaukee County on the basis of forum selection clauses that require dispute resolution there. Mack claims that these forum selection and choice of law clauses are void under applicable state law, and that Ohio law mandates the resolution of the parties' Ohio-based project dispute be resolved there.

### I. BACKGROUND

The case at hand is a dispute regarding four contracts between the parties for various projects across the Midwest; one project in Ohio, one project in Illinois, one project in Wisconsin, and one project in Indiana. J3 Engineering claims that Mack owes it "at least $120,449.07" for breaching these agreements. ECF No. 1-1 at 7. Mack

claims that J3 Engineering owes it "at least $247,815.35" for errors and omissions with respect to these contracts. ECF No. 6 at 4.

**A. Illinois Tollway project**

In December 2013, the parties entered into an agreement for J3 to provide engineering and structural design for soundwall segments on the Illinois Tollway. ECF No. 8-2. J3 claims that Mack owes J3 "at least $76,777.50 related to this project," a project that ultimately ended prematurely upon Mack's failure to obtain proper certification in the state of Illinois to perform this work. ECF No. 10 at 5-6. Mack claims that it informed J3 of these issues regarding certification and instructed J3 to abstain from performing work on the project until certification was resolved, but that J3 ignored this instruction and allegedly performed work anyway. ECF No. 8 at 12-13. Therefore, Mack argues, J3's expenses on this project were at J3's own risk and Mack owes J3 nothing with respect to this agreement. *Id.* The agreement for the Illinois project contains no forum selection or choice of law clause. *See* ECF No. 8-2 at 10.

**B. Wisconsin project**

In January 2014, the parties entered into an agreement for J3 to provide engineering and drafting services related to a Wisconsin Department Transportation project on the Hoan Bridge in Milwaukee that Mack was involved in. ECF No. 12-2. J3 claims that it performed work for Mack until July 2014, when it stopped work because Mack had not yet paid J3 for the Illinois Tollway project that was stopped in February 2014 and that Mack was not current on the amounts that it owed J3 Engineering for its work on the Hoan Bridge project up to that point. ECF No. 1-1; ECF No. 10 at 6. J3 claims that Mack still owes them at least $12,610.07 related to this project. ECF No. 10

at 6. Mack claims that it performed all of its obligations under the agreement and that it was J3 which breached the agreement in providing an erroneous design. ECF No. 8 at 14. That erroneous design was rejected by the project owner, the state of Wisconsin, and its project engineer, resulting in a back charge applied to Mack for non-conforming work. *Id.* As a result, Mack claims that J3 owes Mack $223,955.35, the amount that was back charged. *Id.* The agreement for the Wisconsin project contains no forum selection or choice of law clause. *See* ECF No. 12-2 at 10.

**C. Ohio project**

In May 2017, the parties entered into an agreement for engineering services related to an apartment project in the Little Italy neighborhood in Cleveland. ECF No. 12-1. J3 claims that Mack owes J3 "at least $3,687.50" for work done on this project. ECF No. 10 at 7. Mack, in return, argues that it fulfilled its own obligations and that the agreement required J3 to maintain certain minimum insurance coverage for the duration of the project, coverage which lapsed midway through and thus constituted a breach of the agreement on J3's part. ECF No. 8 at 13. Mack alleges an unspecified amount[1] in monetary damages to be determined at trial. *Id.*

The Ohio project agreement includes the following forum selection clause:

> Dispute Resolution: With the exception of invoiced amounts due to Consultant, any claims or disputes between the Customer and Consultant arising out of the services to be provided by Consultant or out of this Agreement shall be submitted to nonbinding mediation. The Customer and Consultant agree to include a similar mediation agreement with all contractors, subconsultants, subcontractors, suppliers, and fabricators, providing for mediation as the primary method for dispute resolution

---

[1] It's unclear if Mack's assertion that it is owed "at least $247,815.35," ECF No. 6 at 4, includes this amount and the amount to be determined at trial with respect to Mack's Indiana claim. Deducting the $223,955.35 that Mack claims is owed to them with respect to their Wisconsin claim, it appears Mack believes it is entitled to around $24,000 combined for its Ohio and Indiana claims.

3

among all parties. ***Any dispute that cannot be successfully negotiated as contemplated in this agreement,*** including the failure of either party to respond to a request for mediation within 7 days, ***shall be resolved by initiation of formal judicial proceedings brought before a court of competent jurisdiction in Ozaukee County, Wisconsin***.

ECF No. 12-1 at 5 (emphasis added). The Ohio agreement also contains a choice of law clause. ECF 12-1 at 6 ("This contract is governed by the laws of the State of Wisconsin.").

**D. Indiana project**

In August 2017, the parties entered an agreement for J3 to provide engineering and drafting services for pre-cast concrete walls at the Gallops Travel Center in Kendallville, Indiana. ECF No. 8-1. J3 claims that Mack owes J3 "at least $27,194" for J3's work on this project. ECF No. 10 at 7. Mack claims that J3 delivered unusable work product. ECF No. 8 at 13. Mack claims that this delivery of "erroneous and incorrect" work product constituted a breach of the agreement and Mack was therefore entitled to an unspecified amount of damages to be calculated at trial. *Id*. The Indiana project agreement includes both a choice of law clause and a forum selection clause that are identical to the clauses (listed above) that are found in the Ohio contract. *See* ECF No. 8-1 at 5-6.

**E. Procedural history**

On July 20, 2018, J3 filed its complaint in state court in Ozaukee County, Wisconsin. *See* ECF No.1-1. On August 7, 2018 Mack filed a complaint on these same issues in the US District Court for the Northern District of Ohio. ECF No. 6-1. On August 10, 2018, Mack removed the Ozaukee County action to this court and three days later moved this court to transfer the case to the Northern District of Ohio. J3 then filed its

own motion in this court to remand the case to the Ozaukee County court. On November 11, Magistrate Judge Kathleen B. Burke, finding J3's Ozaukee County complaint to be "first filed," ordered the Northern District of Ohio case stayed pending resolution of the case removed to this court. *Mack Indus. of Kalamazoo, LLC v. J3 Eng'g Grp., LLC*, No. 1:18CV1806, 2018 WL 5994968 (N.D. Ohio Nov. 15, 2018).

## II. DISCUSSION

### A. First-filed complaint

As an initial matter, I address Mack's contention that J3 acted in bad faith in filing a complaint in state court on July 20, 2018 and how this entitles Mack to its choice of forum in the Northern District of Ohio.

In supporting its motion to remand, Mack argues that it is the "true plaintiff in this dispute." ECF No. 6 at 1. J3's action in filing a "preemptive complaint" constituted "gamesmanship and surreptitious behavior, exploiting Mack's good faith attempts to resolve these disputes without resort to litigation." *Id.* at 7. This, according to Mack, means that I should find that Mack's complaint is the "true first-filed complaint" and thus grant Mack's choice of venue preference, i.e., the Northern District of Ohio.

Mack presented these same arguments to Judge Burke in federal court in Ohio. Judge Burke, determining that the parties and claims were identical and that the complaints filed were mirror images of each other, found that no equitable reasons or special circumstances warranted non-application of the first-to-file rule and stayed the case. *J3 Eng'g Grp., LLC*, No. 1:18CV1806, 2018 WL 5994968, at *4 ("Mack's Complaint, which requests declaratory relief, is not a special circumstance that would warrant not applying the first-to-file rule."). Judge Burke also observed that Mack could

5

not reasonably claim to have been caught completely off guard by the complaint filed in Wisconsin. Engaging in mediation was a prerequisite to filing lawsuit, therefore "it should not have surprised Mack that J3 filed a lawsuit after an unsuccessful mediation." *Id.* at *5. Likewise, given the presence of forum selection clauses pointing to Ozaukee County, Wisconsin as the forum for litigation, it should not have surprised Mack that J3 filed its lawsuit there. *Id.*

I agree with Judge Burke. While the Seventh Circuit has "never laid down an inflexible rule that the prior filing controls," *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010) (citing Warshawsky & Co. v. Arcata National Corp., 552 F.2d 1257, 1265 (7th Cir.1977)), I see no good reason to initially assume that the Northern District of Ohio is a more appropriate forum where two of the four projects include forum selection clauses pointing towards a Wisconsin state court, a third claim is based on activities in the State of Wisconsin, and the fourth and final claim is based on a project next-door in Illinois, not in Ohio.

Further, behavior may count against a plaintiff's choice of forum, such as evidence of forum-shopping or bad faith by a litigant. *Id.* at 979 n. 2 (citing *IFC Credit Corp. v. Aliano Brothers General Contractors, Inc.*, 437 F.3d 606, 609–10 (7th Cir.2006)). I fail to see any such behavior here. Lawsuits are filed when mediation is unsuccessful, something the contracts here expressly contemplate. Mack's claims of being the "true plaintiff" and that J3 acted in bad faith in filing a "preemptive complaint" are unpersuasive in supporting its motion to transfer.

**B. Choice of law and forum selection**

Unlike most federal courts of appeals, the Seventh Circuit requires courts to assess the validity of a forum selection clause under state law and then determine whether it should be enforced pursuant to the federal common law doctrine of *forum non conveniens. Gonzalez v. Landes Foods, LLC*, 2018 WL 1312207, at *2 (S.D. Ind. Mar. 14, 2018) (citing *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 609 (7th Cir. 2006)). However, before examining the validity of the forum-selection clause, "we first must identify the law that governs [its] validity..." *Pomerantz v. Int'l Hotel Co., LLC*, 359 F. Supp. 3d 570, 577 (N.D. Ill. 2019) (citing *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 774 (7th Cir. 2014)). As a general rule,[2] "[i]n diversity cases, we look to the substantive law of the state in which the district court sits. *Jackson*, 764 F.3d at 774 (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). This includes choice of law rules. *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012) (citing *Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). *See also Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006) ("When a district court sits in diversity, it must apply the choice of law principles of the forum state to determine which state's substantive law governs the proceeding.").

In Wisconsin, "the validity of the choice of law provision is a precondition to determining the enforceability of the forum selection provision." *Adgate v. Chip Shoppe, Inc.*, No. 13-C-163, 2013 WL 6981451, at *3 (E.D. Wis. May 10, 2013) (citing *Beilfuss v. Huffy Corp.*, 685 N.W.2d 373, 377 (Wis. Ct. App. 2004)). The contracts here contain

---

[2] Neither party has argued that an exception to the *Klaxon* rule applies.

identical choice of law clauses, each stating, "This contract is governed by the laws of the State of Wisconsin." ECF No. 8-1 at 6; ECF No. 12-1 at 6. Mack claims these are unenforceable because of Ohio Rev. Code § 4113.62(D)(1) and Ind. Code § 32-28-3-17, both of which prohibit choice of law clauses in contracts for the improvement of real estate that declare another state's law governs the agreement. As a federal court sitting in diversity in Wisconsin, the next step is to determine whether these choice of law clauses are valid under Wisconsin law.

Under Wisconsin's choice-of-law principles, a contractual choice-of-law provision will be enforced only if enforcement would not contravene " 'important public policies of the state whose law would be applicable if the parties' choice of law provision were disregarded.' " *Drinkwater v. Am. Family Mut. Ins. Co.*, 290 Wis.2d 642, 652, 714 N.W.2d 568 (2006) (quoting *Bush v. Nat'l Sch. Studios, Inc.*, 139 Wis.2d 635, 407 N.W.2d 883 (1987)). Before the court can determine whether enforcing the choice-of-law clause would contravene important public policies of the state whose law would otherwise apply, the court must perform a choice-of-law analysis and identify the otherwise-applicable law. *Id.* at 654, 714 N.W.2d 568. In Wisconsin, the "first rule" of choice of law " 'is that the law of the forum should presumptively apply unless it becomes clear that non-forum contacts are of the greater significance.' " *Id.* at 658, 714 N.W.2d 568 (quoting *State Farm Mut. Auto. Ins. Co. v. Gillette*, 251 Wis.2d 561, 641 N.W.2d 662 (2002)). In contractual disputes, Wisconsin courts apply the "grouping of contacts" rule, meaning that contract rights must be "determined by the law of the [jurisdiction] with which the contract has its most significant relationship." *Gillette*, 251 Wis.2d at 577, 641 N.W.2d 662. Under Wisconsin law, "[r]elevant contacts include: [1]

the place of contracting; [2] the place of negotiation of the contract; [3] the place of performance; [4] the location of the subject matter of the contract; and [5] the respective domiciles, places of incorporation and places of business of the parties." *Sybron Transition Corp. v. Sec. Ins. Co. of Hartford*, 107 F.3d 1250, 1255 (7th Cir.1997) (internal quotation marks omitted).

This approach is not a quantitative one in which the court merely counts the contacts; instead, the court must qualitatively assess which contacts are significant and where those contacts are found. *Id*. This evaluation is a fact-intensive analysis. *Henderson v. U.S. Bank, N.A.*, 615 F. Supp. 2d 804, 809 (E.D. Wis. 2009). Because there is a weak presumption in favor of applying the forum law, the nonforum state's contacts must be clearly more significant for that state to prevail under this first step. *NCR Corp. v. Transp. Ins. Co.*, 344 Wis. 2d 494, 501, 823 N.W.2d 532 (Wis. Ct. App. 2012) (citing *Drinkwater*, 290 Wis.2d 642, ¶ 40, 714 N.W.2d 568). If one state's contacts are clearly more significant, we may terminate our analysis and apply that state's law. *Id*. at 503.

If, however, after applying the grouping of contacts approach the court cannot clearly identify a state having the most significant relationship with the contract, then the court applies five choice-influencing considerations: (1) predictability of results, (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. *Id*. (citing *Drinkwater,* 290 Wis.2d at 658, 714 N.W.2d 568).

If the choice of law clauses are valid under Wisconsin law, I would use Wisconsin law to assess the validity of the forum selection clauses.[3] Then I would proceed to address those clauses against federal common law as expressed in *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013). If the choice of law clauses are *not* valid under Wisconsin law, I would have to determine which state's law governed the contracts, then apply that law to assess the validity of the forum selection clauses. If the forum selection clauses survive that analysis, I would then assess those clauses against *Atlantic Marine*.

## C. J3's Motion for Remand

J3's argument for remand relies heavily on *Atlantic Marine* and federal district court precedent. J3 also cites Wisconsin case law regarding forum selection. But J3 does not establish that Wisconsin law governs these contracts and that Wisconsin law therefore applies in determining the validity of the forum selection clauses. Wisconsin courts have acknowledged that parties to a contract may expressly agree that the law of a particular jurisdiction shall control their contractual relations, however, this party autonomy principle cannot override "important public policies of a state whose law would be applicable if the parties' choice of law provision were disregarded." *Adgate*, 2013 WL 6981451, at *3 (E.D. Wis. May 10, 2013) (citing *Bush v. Nat'l Sch. Studios, Inc.*, 139 Wis.2d at 642, 407 N.W.2d 883). Accordingly, the choice of law provision in the Agreement does not necessarily control and the court must perform "a choice-of-law

---

[3] The rule of law in Wisconsin is that a forum selection clause is enforceable unless the contract provision is substantively unreasonable in view of the bargaining power of the parties. *Beilfuss v. Huffy Corp.*, 274 Wis. 2d 500, 509, 685 N.W.2d 373 (citing *Leasefirst v. Hartford Rexall Drugs, Inc.*, 168 Wis.2d at 88, 483 N.W.2d 585). A forum selection clause may also be unenforceable if enforcement would violate a strong Wisconsin public policy. *Id.* at 510, 685 N.W.2d 373 ("Here, it is unreasonable to enforce the forum selection clause because it violates Wisconsin's strong public policy governing covenants not to compete").

analysis to determine if, absent the clause, Wisconsin law would apply." *Id.* (citing *Drinkwater*, 290 Wis.2d at 654, 714 N.W.2d 568).

Based on the facts and arguments before me, I cannot conclude that Wisconsin law would be "otherwise applicable" under the grouping of contacts test and therefore controlling. I cannot conduct a proper grouping of contacts analysis where the place of contracting, negotiation, performance, and location of the contract's subject matter of the contract are not clear and appear open to legitimate argument. Similarly, I cannot properly weigh choice influencing factors, the second step in Wisconsin's choice of law analysis, when facts and arguments are not sufficiently developed. Any ruling that one state has greater interests or contacts than another would be arbitrary if based on the briefs and arguments before me.

Ultimately, this means that I cannot determine whether the choice of law clauses are valid and which state's law governs each of the two contracts. If I cannot determine what substantive state law governs, then I cannot determine if the forum selection clauses are valid under state law as is required in the Seventh Circuit. I cannot proceed to analyze the clauses against federal common law and *Atlantic Marine* without this first step. I cannot determine the validity of the forum selection clauses in the Ohio and Indiana contracts and thus cannot enforce them. I must deny J3's motion for remand.

**D. Mack's Motion to Transfer**

Mack argues that transfer to the Northern District of Ohio is compelled because Ohio Rev. Code § 4113.62(D)(1) and Ind. Code § 32-28-3-17 void the contracts' choice of law and forum selection clauses. According to Mack, I should declare these provisions void because "[u]nder well-settled Ohio and Indiana law, those forum-

11

selection clauses are void and unenforceable because they relate to construction projects in those states." ECF No. 16 at 1.

But this argument rests on the assumption that Ohio law and Indiana law govern these respective contracts, something that Mack has not established. Nor does Mack establish that, should Wisconsin law apply, these clauses are invalid under Wisconsin contract law. As discussed above, I cannot perform an adequate Wisconsin choice of law analysis required of a federal court sitting in diversity in Wisconsin based on the facts and arguments before me. Thus, I cannot determine which state substantive law applies and if the contracts' choice of law and forum selection clauses are therefore valid. I cannot invalidate these clauses based on Ohio and Indiana law because Mack does not prove that Ohio and Indiana law govern the respective contracts. For the same reason, I cannot transfer or otherwise dismiss the Ohio claim on the basis Ohio law mandates litigation in the Ohio.

Further, I conclude that convenience and the interest of justice do not require transferring this case to the Northern District of Ohio. Section 1404(a) authorizes district courts to transfer venue "for the convenience of parties and witnesses, in the interest of justice..." *Kubin–Nicholson Corp. v. Gillon*, 525 F.Supp.2d 1071, 1075 (E.D.Wis.2007). The movant must establish that the proposed transferee forum is clearly more appropriate than the original. *Id.* Both Wisconsin and Ohio have connections to this suit and neither state has a discernably greater interest in having the case litigated in a local court than the other. Plaintiff's choice of forum favors litigation in Wisconsin. Finally, while these are distinct claims, they involve the same parties who are already here in this district in a single, consolidated action. Multiple lawsuits are not more efficient than

one. The Northern District of Ohio is not clearly more appropriate and thus transfer is not warranted. I deny Mack's motion to transfer.

### III. CONCLUSION

The parties do not address the choice of law and forum selection issues under state law. *Atlantic Marine* is applicable to forum selection clauses that are already deemed valid. 571 U.S. at 62 n. 5, 134 S. Ct. 568 ("Our analysis presupposes a contractually valid forum-selection clause."). Based on the limited facts and legal arguments set out in each party's pleadings and briefs, I cannot analyze the choice of law and forum selection issues within the framework laid out by the Seventh Circuit; it is impossible for me to either enforce or invalidate these clauses and therefore I cannot find that either J3 or Mack has met its burden as a moving party. Accordingly, I deny the parties' motions.

**THEREFORE, IT IS ORDERED** that Plaintiff's motion for remand to state court in Ozaukee County, Wisconsin is **DENIED** and Defendant's motion for transfer to the Northern District of Ohio is **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2019.

                                              s/Lynn Adelman
                                              LYNN ADELMAN
                                              District Judge